E-FILED
Monday, 16 April, 2007  03:21:10 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

**Ali L. Cross,**
      **Plaintiff,**

      **vs.**                                     **05-1289**

**Roger E. Walker, Jr., et al.,**
      **Defendants**

### ORDER

      Before the court are the defendants, Dr. Kowalkowski and Dr. Vade's motion to dismiss for want of prosecution pursuant to Fed. R. Civ. P. Rule 41(b) [70] and the plaintiff's response thereto  [73].

      The defendants advise the court that on January 2, 2007, they mailed the plaintiff the Illinois Department of Corrections (IDOC) Authorization for Release of Offender Medical Health Information.  The defendants requested that the plaintiff sign and date the Authorization form for his IDOC medical records and master file, and they provided the plaintiff with a self-addressed stamped envelope.  On January 15, 2007, counsel for the defendants received a letter from the plaintiff demanding that the plaintiff will only sign the Authorization form if the defendants agree to obtain the plaintiff's records, pay the cost of their reproduction and send the records to the plaintiff.  *See* Exhibit A [70].  The plaintiff demands that the defendants agree to this "via legal document."  *See* Id.

      In his response [73], the plaintiff claims he filed for discovery months ago and made a request for his "medical records and mental health records and was denied access to study and overlook what the master medical med-notes stated.... the defendants (sic) legal counsel[1] objected to plaintiff (sic) review of medical file due to plaintiff being of lack of funds which is in violation of discovery rules."   The plaintiff further asserts "so why should I alow (sic) the defendants the authorization to obtain the plaintiffs (sic) records - when the defendants refuse to comply with the rules of discovery."

### Discussion

      Federal Rule 26(b)(1) allows parties to obtain discovery regarding any matter that is relevant to the claim or defense of any party.  In this case, the plaintiff is alleging that the

---

      [1]A review of the plaintiff's answers to defendants' interrogatories [75] (see Exhibit B) reveals that the plaintiff requested a copy of his medical records from the attorney general, rather than IDOC.

defendants were deliberately indifferent to his medical needs.  In light of this allegation, the plaintiff's claim is dependent upon his IDOC medical records.  Dr. Vade and Dr. Kowalkowski have made a good faith effort in mailing the plaintiff the IDOC Authorization form and they enclosed a self-addressed stamped envelope.  The defendants are not responsible for providing the plaintiff with a copy of his medical records or master file.  If the plaintiff wishes to receive a copy of his medical records and master file, he may make a request directly to the Illinois Department of Corrections.  If the plaintiff is indeed indigent, as the copies are for litigation, IDOC must provide the copies and place the charges against the plaintiff's trust fund account.  By refusing to disclose his IDOC Master file, the plaintiff also denies the defendants their right to a defense recognized by federal statute.  Section 1997e(a) requires inmates to exhaust all available administrative remedies before filing a federal suit with respect to prison conditions.  Because the plaintiff has expressly refused to disclose his IDOC Master file subject to the plaintiff's conditions, the defendants cannot know whether the plaintiff exhausted his administrative remedies.

The plaintiff has refused to comply with the rules of discovery.  This not only deprives the defendants of their right to begin prosecution of their defenses, but the plaintiff also fails to prosecute his claim when he does not allow the defendants to begin their defenses.  Federal Rule of Civil Procedures Rule 41(b) allows a court to dismiss an action for failure of the plaintiff to prosecute or failure of the plaintiff to comply with the rules of discovery.  A Rule 41(b) dismissal is appropriate when there is a record of delay or contumacious behavior.  *3 Penny Theater Corp. v. Pitt Theaters Inc*., 812 F. 2d 337, 339 (7th Cir. 1987).

**It is therefore ordered:**

1.    **The defendants' motion to dismiss for want of prosecution [70] is denied at this time.**
2.    **The plaintiff is directed to sign the Illinois Department of Corrections (IDOC) Authorization for Release of the plaintiff's medical health information and his master file  and return them to defendants' counsel, within fourteen days of this order.  The plaintiff is forewarned that no extensions of time will be allowed.**
3.    **Further, the plaintiff is directed to file a notice of compliance with this order, within fourteen days of this order.**
4.    **The plaintiff is forewarned that if he fails to comply with this order within the specified time, the defendants may renew their motion and the court will summarily dismiss the plaintiff's entire lawsuit.**

**Enter this 16th  day of April 2007.**


**s\Harold A. Baker**
_____
**Harold A. Baker**
**United States District Judge**

2