UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALI L. CROSS,
    Plaintiff,

v.     05-1289

ANDREW KOWLAKOWSKI, M.D., et al., )
    Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendant, Dr. Andrew Kowalkowski's unopposed summary judgment motion [96] brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." See Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

Summary judgment is a tool in removing factually insubstantial cases from crowded

dockets, freeing courts' trial time for those that really do raise genuine issues of material fact. *Mills v. First Federal Savings & Loan Association*, 83 F.3d 833 (7th Cir. 1996). Affidavits are evidence for purposes of determining whether a genuine issue of material fact exists. *Wilson v. Williams*, 997 F .2d 348 (7th Cir. 1993). Summary judgment should be granted when no reasonable jury could return a verdict for the nonmoving party. *U.S. Gypsum Co. v. National Gypsum Company*. 74 F.3d 1209 (C.A.Fed 1996). Further. U. S. D. C. Local Rule 7.1(D)(2) provides that a failure to respond shall be deemed an admission of the motion.

## Background

The plaintiff has brought this action alleging various theories against various individuals regarding his treatment while incarcerated at Pontiac Correctional Center. Dr. Kowzalkowski filed an Answer denying those allegations directed at him, along with Affirmative Defenses which raise the same issues addressed in the Motion for Summary Judgment. The plaintiff's complaint contains a myriad of allegations regarding various medical and health issues. The majority of these claims[1] are not directed at Dr. Kowalkowski and will not be addressed for purposes of this motion. The plaintiff's complaint, as it relates to Dr. Kowalkowski, alleges:

[p.44]  Plaintiff filed various of grievances on mental health issues and would not get any response.
>
> Plaintiff told officials, including Dr. Kowalkowski, psy. 1, and Alton Angus, psy. 2.
> Both Doctors/psychs told plaintiff that he was 'mentally ill' and 'delusional.'

"82.  Plaintiff even told psy # I and psy #2 that officials threaten to kill him 'plaintiff,' for exercising plaintiffs first Amendment right to grieve matters, unjustly and unlawfully committed against plaintiff.
<u>Inadequate mental health needs</u>. Plaintiff alleges officials knew that plaintiff was chronically depressed, dejected and suicidal and legally insane but did not move plaintiff to a mental ward or unit, because of over crowding and 'the states budget' was low.
Dr. Kowalkowski, psy 1 and Dr. Alton Angus, psy 2, told plaintiff that he is seriously and chronically mentally ill but they did not want to spend the time or money to place plaintiff in a mental ward or unit.

---

[1] Plaintiff's complaint is handwritten and contains a numbering/lettering scheme by page and paragraph which is not always consistent. For purposes of this motion, the defendant has culled the complaint for claims that could possibly be directed toward him. Further, the defendant has outlined those claim and has make an attempt to cite the page/paragraph numbers appearing immediately before the allegation at issue. Plaintiff's spelling and grammar was corrected when necessary. The court has reviewed the complaint and concurs with the defendant's assessment of the allegation/claims.

> Because of this inaction plaintiff mental health deteriorated, plaintiff was bullied and attacked by sane and more violent and aggressive inmates as well as officials.
> Officials state that there is something wrong with plaintiff mentally but they would not do anything to treat patient.
> Dr. Kowalkowski, psy. 1 and Dr. Alton Angus, psy. 2, threaten plaintiff telling plaintiff that since plaintiff wanted to act retarded, "we are going to teach you how to be retarded."
> Dr. Kowalkowski, psy. 1 and Dr. Alton Angus, psy. 2, would continually take my books, pens, papers, magazines, clothes, cosmetics, linens and not feed me. C. failure to diagnose mental conditions. D.) failure to prescribe proper medication and prescription of in appropriate medication. E.) Failure to provide any meaningful treatments other than medication. F.) Failure to justify decisions as to diagnose or treatment or to terminate medications and seemingly cavalier refusals to consider that an inmates bizarre behavior could considerably be the actions of a genuine mental disorder even though officials previously diagnosed the plaintiff as suffering from such a disorder.   Plaintiff ask that the view such from the view of professional mental health standards.
> a pattern of inadequate Medicare to mentally ill housed in max segregation.
> Displays of hostility by prison psychiatrist Dr. Kowalkowski, psy I, and psychologist Alton Angus, psy 2 toward plaintiff which come times led to out refusals to treat.
> "B.) placement of plaintiff in segregation when such assignment would predictably cause exacerbation of already several mental disorders.
> and bogus or no treatment to plaintiff other than medications etc. to plaintiff who were assaultive or aggression but could not tolerate isolation. plaintiff also alleges that a failure to treat shows in fact is motivated by a desire of I.D.O.C. officials to punishment.
>
> "E.)   clearly this type of decision would not reflect the exercise of professional judgment reflecting a Eight and 14th Amendment violations.
> to the extent that some of the decisions were probably motivated by the personal hostility of the psychiatrist psy # 1 or the other staff toward plaintiff.
>
> Dr. Kowalkowski is psych # 1 and was in charge of mental health care and is in charge of those who administration orders psychiatric treatments: his failure to take into account the inmate's prior psychiatric history, failure to see suffering from mental crises and failures to provide any meaningful treatment other than medication. A.: displays of hostility by prison psychiatrist to plaintiff which sometimes lead to outright refusals to treat causing distressed behavior, etc.

As noted above, Dr. Kowalkowski has filed an answer denying these specific allegations along with other allegations which could possibly be interpreted as being directed at him without specifying his name.

**Uncontested Facts**

1. Dr. Kowalkowski is a prison psychiatrist[2]. (See plaintiff deposition, p. 2)
2. Dr. Kowalkowski would see plaintiff at least every 2 months. perhaps every month or month and a half. (See plaintiff deposition, p. 46)
3. Dr. Kowalkowski prescribed plaintiff medication. (See plaintiff deposition, p. 46)
4. At times, Dr. Kowalkowski would adjust plaintiff's medication after meeting with him. (See plaintiff deposition, p. 48-49)
5. During their meetings, plaintiff talked to Dr. Kowalkowski about mental illness and how he was thinking and why. (See plaintiff's deposition, p. 49-50)

**Conclusion**

Based on the uncontested facts contained in plaintiff's own complaint and his deposition testimony, there is no evidence supporting any of plaintiff's claims that any alleged action by Dr. Kowalkowski rises to an actionable level under the law. As such, even when these facts are looked at in a light most favorable to plaintiff, it is clear that he cannot substantiate the § 1983 claim made in his complaint.

To assert a claim of cruel and unusual punishment under the Eighth Amendment of the Constitution, the plaintiff must show deliberate indifference to the serious medical needs of a prisoner. *Estelle v. Gamble*, 429U.S.97, 104, 97 S.Ct. 285, 291 (1976). T his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. *Id*., at 105. In the medical context, the inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnanto the conscience of mankind. " Thus, alleging a
physician has been negligent in diagnosing or treating a condition does not state a valid claim under the Eighth Amendment. 14, at 105-106. In order to state a claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical need.

A prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994). An act or omission without knowledge of a significant risk of harm does not rise to the level of infliction of punishment. *Id*., at 837-838. In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded
reasonably to the risk, even if the harm was ultimately not averted. *Id.*, at 844.

---

[2]In his deposition, on page 17 beginning with line 12 and continuing to page 18 line 7, plaintiff mistakenly responds to a question about Alton Angus with statements about Dr. Kowalkowski.

Here, the plaintiff does not allege that Dr. Kowalkowski refused any of his requests for treatment or otherwise failed to provide treatment which resulted in an excessive risk to plaintiff's health so as to meet the standard required under the Eighth Amendment. In fact, he acknowledges that Dr. Kowalkowski saw him on a regular basis, that he prescribed psychiatric medications for plaintiff, that Dr. Kowalkowski sometimes adjusted the medication after meeting with plaintiff and that he talked with plaintiff about plaintiff's mental illness and his thoughts on it. These are precisely the activities one would expect from a treating psychiatrist and cannot be said to constitute deliberate indifference.

In addition to failing to meet the deliberate indifference standard, the plaintiff's complaint also fails to attach an affidavit as required by the State of Illinois for all healing arts malpractice cases (See, 735 ILCS 5/2-622). 'Healing art' deals with the entire branch of learning dealing with the restoration of physical or mental health and 'malpractice' implies the lack of skill in practicing the profession. *See, Lyon v. Hasbro Industries. Inc*., 156 1ll.App.3d 649,654,509 N.E.2d 702 (1987). Where the proper standard of care is determined by the plaintiff's medical condition, it involves medical judgment. *Kolanowski v. Illinois Valley Community Hospital*. 188 Ill. App. 3d 821t 825, 544 N.E.2d 821 (3rd Dist. 1989). The defendant, Dr. Kowalskowski asserts that the plaintiff's complaint concerns "healing arts" and malpractice, as defendant Dr. Kowalkowski I S decision as to what type of psychiatric care would be rendered is a medical decision. The defendants asserts that simply because plaintiff fails to label the action as such does not chance the inherent nature of the action. Under 735 ILCS 5/2-622 plaintiff is required to attach a report by a qualified health care professional. The plaintiff has not done so, nor has he attached an affidavit stating that he was unable to obtain such a report. As the plaintiff has failed to comply with 735 ILCS 5/2-622, the complaint should be dismissed.

The plaintiff's allegations against Dr. Kowalkowski are essentially that he disagrees with the type of treatment rendered. He alleges in his complaint that Dr. Kowalkowski failed to diagnose and/or properly treat certain psychiatric conditions but acknowledges in his testimony that Dr. Kowalkowski saw him on a regular basis, spoke with him regarding his thoughts and feelings, and prescribed and adjusted medication. The fact that plaintiff may disagree with the type of medication he received or the manner in which Dr. Kowalkowski treated him does not rise to the level of deliberate indifference so as to state a claim under the 8th Amendment. Furthermore, plaintiff's claims against Dr. Kowalkowski appear to sound in medical malpractice which, in Illinois, requires an affidavit pursuant to 735 ILCS 5/2-622. The plaintiff has not provided this affidavit and as such cannot sustain a medical malpractice claim against Dr. Kowalkowski.

It is ordered:

1. Pursuant to Fed. R. Civ. Pro. Rule 56(c), the defendant, Dr. Kowalkski's unopposed summary judgment motion [96] is granted. The clerk of the court is directed to enter judgment in favor of Dr. Kowalski and against the plaintiff at the close of this lawsuit.

2.  If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this 19th day of August, 2008.

          **s\Harold A. Baker**
          _____
                Harold A. Baker
           United States District Judge